UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SERVICIOS AZUCAREROS de                      CIVIL ACTION
VENEZUELA, C.A., ET AL

VERSUS                                       NO. 10-4443

JOHN DEERE THIBODAUX, INC.                   SECTION "F"

ORDER & REASONS

Before the Court is the plaintiffs' motion to reopen the case for a decision on the merits and a partial new trial. For the following reasons, the motion is DENIED.[1]

**Background**

The Court granted the defendant's motion to dismiss after the plaintiffs failed to respond to this Court's request for supplemental briefing on the issue of prudential standing and choice of law. Because the plaintiffs did not address the issue of prudential standing, the Court deemed the issue waived and dismissed the plaintiffs for lack of standing. The plaintiffs now move the Court to reopen the case, asserting that (1) its failure to comply with the Court's order was a mistake, which this Court

---

[1] Since filing this motion, the plaintiffs have filed a notice of their appeal to the U.S. Court of Appeals for the Fifth Circuit. Local Rule provides: "If a party files a notice of appeal after the court announces or enters a judgment — but before it disposes of [a motion such as the one plaintiffs have filed] — the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Accordingly, this Court must resolve the plaintiffs' motion to reopen before the plaintiffs' notice of appeal is effective.

1

should excuse; (2) they did in fact oppose the defendant's motion, though admittedly inadequately; (3) they also opposed defendant's motion, as evidenced by a motion for leave to file an amended complaint, which, they assert, would establish one of the plaintiffs' standing under a theory of "honorary citizenship"; (4) a Friendship Treaty issue would moot the standing issue and zone-of-interests issue if the Court finds that the Treaty applies to honorary citizens of the City of Thibodaux, Louisiana who buys goods and maintains American bank accounts; (5) parallel remedies under Louisiana and Venezuelan law make this a very special and very easy choice-of-law issue; (6) the zone-of-interests issue is easy to resolve; (7) the one claim exclusively under Louisiana law, an accounting claim, involves only witnesses and documents in the United States; (8) <u>Doe v. Exxon Mobil Corp.</u>, No. 09-7125, 2011 WL 2652384 (D.C. Cir. July 8, 2011) overruled and limited the application of the prudential standing doctrine even in overseas tort cases where there is jurisdiction under the Alien Tort Act; (9) the Court's decision to dismiss without fact discovery and a factual submission to the Court appear to set up a conflict between the Court's decision and certain decisions of the Fifth Circuit; and (10) the jurisprudence involves yardsticks which the Court has not so far considered.

    The plaintiffs make no arguments that entitle them to the relief they seek.

## Law & Analysis

The plaintiffs do not explain under what Rule they seek relief.  The substance of their motion makes clear they move for reconsideration of this Court's order granting the defendant's motion to dismiss.  Although the Federal Rules of Civil Procedure do not recognize a motion for reconsideration, the Fifth Circuit has held that such motions, if filed within twenty-eight days after entry of judgment, must be treated as motions to alter or amend under Rule 59(e).  Lavespere v. Niagara Machine & Tool Works, 910 F.2d 167, 173-74 (5th Cir. 1990), abrogated on other grounds, Little v. Liquid Air Corp., 37 F.3d 1069, 1078 (5th Cir. 1994) (en banc).  On July 29, 2011, the Court granted the defendant's motion to dismiss.  Plaintiffs filed this motion on August 5, 2011.  Because the plaintiff filed its motion well within twenty-eight days of entry of the Court's order, Rule 59(e) applies to its motion.

Because of interest in finality, motions for reconsideration may only be granted if the moving party shows there was a mistake of law or fact or presents newly-discovered evidence that could not have been discovered previously.  Templet v. Hydrochem, Inc., 367 F.3d 473, 478-79 (5th Cir. 2004).  Rule 59 motions, moreover, should not be used to re-litigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings.  See id. at 479; Simon v. United States, 891 F.2d

3

1154, 1159 (5th Cir. 1990).  The grant of such a motion is an "extraordinary remedy" and "should be used sparingly."  Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., 114 F. App'x 137, 143 (5th Cir. 2004) (citing Templet, 367 F.3d at 479).

In evaluating the defendant's motion to dismiss, the Court considered extensive briefing, and requested supplemental briefing on two discrete issues.  The plaintiffs ignored the order and instead elected to file an excessively long brief which did not address the issues on which the Court ordered supplemental briefing.  Because the plaintiffs failed to address issues this Court deemed necessary to the resolution of defendant's motion, the Court treated those issues as waived and granted the defendant's motion on standing grounds.  Here, the plaintiffs raise no argument that shows they are entitled to the extraordinary remedy they seek.  They merely rehash arguments made in opposing dismissal and do not adequately address the issue of standing which the Court initially found troublesome.  Because the Court finds that the plaintiffs' motion for reconsideration is without merit, IT IS ORDERED: That the plaintiffs' motion to reopen the case is DENIED.

New Orleans, Louisiana, September 1, 2011.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE