UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA

SERVICIOS AZUCAREROS                              CIVIL ACTION
DE VENEZUELA, C.A. ET AL.

VERSUS                                            NO. 10-4443

JOHN DEERE THIBODAUX, INC.                        SECTION "F"


                          ORDER AND REASONS

    Before the Court is plaintiffs' motion for a partial new trial.  For the reasons that follow, the motion is DENIED.

                            Background

    This dispute arises out of an alleged breach of an oral contract.

    Servicios Azucareros de Venezuela, C.A., a Venezuela corporation, and its president, Zvonimir Tolj, Sr., a citizen of Venezuela (collectively, "Servicios"), assert that Servicios had an oral contract with Cameco Industries, Inc., making Servicios the exclusive distributor of John Deere products in Venezuela. In 1996, Cameco changed its name to John Deere Thibodaux, Inc.

    Although the contract was oral, Servicios contends that it was substantiated with various written instruments over the years.  Specifically, Servicios asserts that John Deere confirmed in writing to customers in Venezuela that its products were sold exclusively though Servicios, and that it informed other companies to cease representing themselves as John Deere dealers

                                  1

based on Servicios's exclusive distributorship. Servicios submits that through its efforts over the years, it successfully developed the Venezuelan market for John Deere products.

Under the oral contract, Servicios alleges that it was entitled to receive, and did for many years, a 20% commission on all John Deere harvesters and tractors, and a 25% commission on spare parts, sold in Venezuela. In 2006, Servicios contends that John Deere, using "economic duress", wrongfully reduced Servicios's commission from 20% to 10%; however, Servicios continued to sell and distribute John Deere products under the reduced commission rate. Then in 2008, Servicios asserts, John Deere wrongfully terminated its contract.

Servicios sued John Deere in this Court on December 1, 2010, invoking the Court's diversity jurisdiction, and asserting claims under Louisiana and, alternatively Venezuela, law. Under Louisiana law, Servicios seeks recovery of damages for breach of contract under Louisiana Civil Code articles 1983, 1966-67, 2013-14, and 2024, and, for commissions wrongfully withheld under Louisiana Revised Statutes sections 51:481-90; alternatively, Servicios claims unjust enrichment under article 2298. Under Venezuelan law, Servicios asserts contract remedies pursuant to Venezuela Civil Code articles 1159, 1212, and 1264, unjust enrichment under article 1184, and moral damages under article 1196. In sum, Servicios seeks over $1.5 million in damages.

On March 14, 2011, John Deere filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that Servicios did not have standing to sue, and, even assuming that the standing requirement was met, Servicios's claims under Louisiana Revised Statute 51:481, the Louisiana Dealer Agreement Act, fail because the statute applies solely to Louisiana dealers.  The Court ordered supplemental briefing on (1) whether the plaintiffs have prudential standing, and (2) whether Louisiana or Venezuela law governs plaintiffs' claims.  On July 29, 2011, the Court granted John Deere's motion to dismiss, finding that plaintiffs did not have standing.  Servicios moved to reopen the case, which the Court denied on September 1, 2011.  Servicios appealed this Court's decision to the U.S. Court of Appeals for the Fifth Circuit.  On December 13, 2012, the Fifth Circuit, finding that Servicios had standing, vacated this Court's decision dismissing the complaint and remanded the case for further proceedings.  John Deere again moved to dismiss under Rule 12(b)(6) on January 18, 2013, which this Court granted in part and denied in part on February 6, 2013.  Servicios now moves the Court to reconsider its February 6, 2013 Order and Reasons.

<u>Legal Standards</u>

*I.*

Motions requesting reconsideration of court orders generally fall under Rule 59(e) or Rule 60 of the Federal Rules of Civil

Procedure. See Higgins v. Cain, No. 07-9729, 2012 WL 3309716, at *1 (E.D. La. Aug. 13, 2012). Rule 59(e) provides that a motion to alter or amend a judgment must be filed no later than twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59(e). Rule 60(b), on the other hand, applies to motions filed after the twenty-eight day period, but demands more "exacting substantive requirements." See Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173-74 (5th Cir. 1990), abrogated on other grounds, Little v. Liquid Air Corp., 37 F.3d 1069, 1078 (5th Cir. 1994) (en banc).

Because the Court entered the challenged Order and Reasons on February 6, 2013, and Servicios filed its motion to reconsider within twenty-eight days on February 15, 2013, the motion to reconsider is timely under Rule 59(e), and such analysis is appropriate.

*II.*

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)). Because of the interest in finality, Rule 59(e) motions may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. Id. at 478-79. Moreover, Rule 59 motions should not be used to

relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. See id. at 479; Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010) ("[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued'") (citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003) (quoting Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)). The grant of such a motion is an "extraordinary remedy that should be used sparingly." Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., 114 F. App'x 137, 143 (5th Cir. Nov. 11, 2004) (citing Templet, 367 F.3d at 479). The Court must balance two important judicial imperatives in deciding whether to reopen a case in response to a motion for reconsideration: "(1) the need to bring the litigation to an end; and (2) the need to render just decisions on the basis of all the facts." Templet, 367 F.3d at 479.

## Discussion

The Court finds reconsideration of its February 6, 2013 decision to be inappropriate because Servicios fails to present

newly-discovered evidence or to show that the Court erred in its factual and legal analysis.

In its February 6, 2013 Order and Reasons, the Court held that (1) Servicios fails to state a claim under the Louisiana Dealer Agreement Act because the Act applies to resident dealers only; (2) any claims are prescribed under Louisiana law for underpaid commissions that accrued before November 30, 2008; and (3) Servicios' claim for an accounting lacks specificity to state a claim upon which relief can be granted. The Court granted Servicios leave to provide a more definite statement under Rule 12(e) as to its claim for an accounting, and, in response, Servicios filed an amended complaint on February 19, 2013. Servicios does not challenge the Court's ruling on the Louisiana Dealer Agreement Act; rather, Servicios alleges that the Court improperly held that the three-year prescriptive period of Louisiana Civil Code Article 3494 governs, and that this Court should decide whether Louisiana or Venezuelan law applies to Servicios' breach of contract claims. The Court addressees each in turn.[1]

---

[1] Servicios raises two threshold issues, arguing that the Court should take into consideration that this was John Deere's second 12(b)(6) motion, and that Servicios previously attempted to file an amended petition.
First, Servicios submits that the case literature discourages multiple 12(b)(6) motions. Servicios is simply relitigating old matters, for the Court rejected this argument in its earlier decision. Federal Rule of Civil Procedure 12(g)(2) states that "[e]xcept as provided in Rule 12(h)(2) or (3), a party makes a motion under this rule must not make another motion

*I.*

Servicios contends that the Court erred in holding that the three-year prescriptive period of Article 3494 applies because (1) its accounting claim is governed by the ten-year prescriptive period; (2) the crux of this case involves contract interpretation, not recovery for underpaid commissions; and (3) its claim for unjust enrichment is subject to the ten-year prescriptive period.  Therefore, if Servicios' accounting claim,

---

under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Rule 12(h)(2) permits a party, however, to assert a defense for failure to state a claim upon which relief can be granted in any pleading permitted under Rule 7(a), a motion for judgment on the pleadings under Rule 12(c), or at trial.  See Fed. R. Civ. P. 12(h)(2).  Although John Deere's second 12(b)(6) motion raised new and old grounds for relief, any error is harmless, where, as here, the additional defenses could have been raised in a Rule 12(c) motion for judgment on the pleadings, which is subject to the same standard of review as a motion to dismiss under Rule 12(b)(6).  See, e.g., Cannon v. Sixth Dist. Pub. Defender Office, No. 09-2164, 2010 WL 5855912, at *3 (W.D. La. Oct. 26, 2010) (holding that the defendant did not waive his new defenses by failing to include them in his original Rule 12(b)(6) motion to dismiss, because the arguments could have been raised in a Rule 12(c) motion, which is evaluated under the standard as a Rule 12(b)(6) motion).
   Second, Servicios contends that it previously attempted to file an amended "petition."  The Court is aware that Servicios filed a motion for leave to amend its petition in July 2011; however, the magistrate judge never ruled on the motion before the case was dismissed.  As a result, Servicios was never granted leave to file an amended complaint, and this Court has no way of knowing whether the magistrate judge would have allowed plaintiffs to do so in the first place.  Therefore, the fact that plaintiffs previously attempted to file an amended complaint has no bearing on the Court's February 6, 2013 Order and Reasons or this motion for reconsideration.

"contract interpretation" claim, and unjust enrichment claim prescribe in ten years, "it would make no sense to cut off the claim for money due under the three year statute." In other words, because Servicios is seeking other relief (an accounting) and relying on equitable theories of recovery (unjust enrichment), Servicios is effectively requesting the Court to apply an across-the-board ten-year prescriptive period to all claims. In the alternative, assuming the three-year period does apply, Servicios submits that its claims are not "exigible" because it does not know how much it is owed until it receives an accounting.

*A.*

Servicios fails to cite any authority for its assertion that the Court should apply an across-the-board prescriptive period because Servicios alleges multiple forms of relief. To the contrary, different causes of action frequently have different prescriptive periods. Whether or not Servicios' claim for an accounting has a ten-year prescriptive period does not change the prescriptive period for its breach of contract claim. As the Court explained at length in its February 6, 2013 Order and Reasons, a personal action (which includes a claim for breach of contract) is subject to a liberative prescriptive period of ten years under Louisiana Civil Code Article 3499 unless otherwise provided by law. La. Civ. Code Ann. Art. 3499. An exception to

this general rule is found in Louisiana Civil Code article 3494, which subjects claims for the recovery of compensation for services rendered, including the payments of commissions, to a three-year prescriptive period.  La. Civ. Code Ann. art. 3494.  This three-year prescriptive period commences to run from the day payment is "exigible", or exact enough to be demandable.  La. Civ. Code Ann. art. 3495.  The Louisiana Supreme Court has expressly held:

> A petition claiming breach of contract by the payment of wages less than what is due and seeking judgment for the underpaid wages is clearly a cause of action asserting the right to recover unpaid wages.  ***Breach of contract is not a free standing cause of action.  It is a legal premise, or principle, which gives rise to the right to claim some substantive remedy of law.***  Here that remedy is the recovery of past due wages.

Grabert v. Iberia Parish Sch. Bd., 93-2715, p. 2 (La. 7/5/94); 638 So. 2d 645, 646 (emphasis added).  As the Court has previously emphasized, substance prevails over form.  In this case, John Deere's alleged failure to pay the full and proper compensation for services rendered gives rise to the action for breach of contract, for which the remedy is recovery of commissions.  Therefore, the three-year prescriptive period of Article 3494 applies to Servicios' breach of contract claims, regardless of whether Servicios also alleges a claim for an accounting and unjust enrichment.  Further, the case law on which Servicios relies to support the assertion that an accounting claim prescribes in ten years is unhelpful:  the cases do not

9

involve comparable factual scenarios, nor do they offer support to Servicios' assertion that the prescriptive period for an accounting claim somehow "trumps" the period for a breach of contract claim. In its motion to dismiss, John Deere was not contesting--and this Court did not address--the prescriptive period for Servicios' claim for an accounting or unjust enrichment.[2]

B.

Even assuming the three-year prescriptive period applies, Servicios maintains that it does not have an exigible claim for past-due commissions because it has yet to receive an accounting, which will inform Servicios how much it is owed. Servicios' breach of contract claim, however, does not derive from John Deere's failure to pay some specific amount; rather, the breach of contract claim stems from the alleged percentage reduction and

---

[2] To the extent that Servicios is relying on the unjust enrichment claim for its across-the-board proposition, the Court notes that unjust enrichment "shall not be available if the law provides another remedy." Walters v. MedSouth Record Mgmt., LLC, 10-0352, p. 2(La. 6/4/10); 38 So. 3d 241, 242 (quoting Carriere v. Bank of La., 93-3058, p. 17 (La. 12/13/96); 702 So. 2d 648, 671). "The unjust enrichment remedy is only available to fill a gap in the law where no express remedy is provided." Id. (internal quotation marks omitted); see also Jim Walter Homes v. Jessen, 98-1685, p. 13 (La. App. 3 Cir. 3/31/99); 732 So. 2d 699, 706 ("To find that [plaintiff] now has no other remedy and to provide it one under unjust enrichment would be tantamount to allowing any plaintiff who let his cause of action prescribe, or any plaintiff who knowingly wrote a bad contract, to recover under enrichment theory. The law on unjust enrichment does not apply when there is a remedy available such as the contract described herein . . . .").

subsequent nonpayment of full commissions. In its complaint, Servicios states that "[i]n 2006, Deere unilaterally and wrongfully reduced Plaintiffs' commission from 20% to 10%." Further, Servicios asserts:

> On or about early 2008, Deere then unilaterally and wrongfully attempted to terminate the contract with Plaintiffs. At that time, various sales were in progress, and substantially completed, and Plaintiffs had a substantial investment in Deere parts and equipment. Deere has refused to pay the additional 10% due under the oral contract, and has refused to pay any commissions on sales completed at that time, and sales in progress at that time . . . .

The claim was exigible as soon as it was exact enough to be demandable--here, when John Deere supposedly reduced Servicios' commission rate from 20% to 10% in 2006, or, at the latest, when John Deere terminated the contract in early 2008.

*II.*

Servicios also contends that this Court should decide whether Louisiana or Venezuelan law applies to Servicios' breach of contract claims. Specifically, Servicios points to Civil Code Article 3549, which provides:

> . . . When the substantive law of another state would be applicable to the merits of an action brought in this state, the prescription and peremption law of this state applies, except as specified below:
> . . . If the action is barred under the law of this state, the action shall be dismissed unless it would not be barred in the state whose law would be applicable to the merits and maintenance of the action in this state is warranted by compelling considerations of remedial justice.

11

La. Civ. Code Ann. art. 3459(B)(1). Therefore, the argument goes, that even if Servicios' claim is barred in Louisiana, if the law of Venezuela applies, the action shall not be dismissed if maintenance of the lawsuit is warranted by compelling considerations of remedial justice.

Regarding whether Louisiana or Venezuela law applies, the Court notes that in dealing with John Deere's motion to dismiss, all parties argued, Servicios too, that Louisiana law applied.[3] "The court need not sua sponte analyze choice of law issues unless raised by the parties." Tobin v. AMR Corp., 637 F. Supp. 2d 406, 412 (N.D. Tex. 2009). The Fifth Circuit has stated that a party has "an obligation to call the applicability of another state's law to the court's attention in time to be properly considered." Kucel v. Heller, 813 F.2d 67, 74 (5th Cir. 1987). If Servicios belatedly seeks the supposed comfort of Venezuelan law, a Rule 59(e) motion is an improper vehicle, for "a motion to alter or amend the judgment under Rule 59(e) . . . cannot be used to raise arguments which could, and should, have been made before the judgment issued." Rosenblatt, 607 F.3d at 419 (internal

---

[3] In its opposition memorandum to defendant's motion to dismiss, Servicios does raise the choice of law issue; however, Servicios then argues the applicability of Louisiana law without doing a choice of law analysis. For instance, Servicios notes that "[t]he Louisiana Dealer Act should apply" and that "Louisiana's contract policy of 'protecting one party from undue imposition by the other' justifies the application of Louisiana law in this case." Rather simply, Servicios states that "the Court should apply Louisiana law."

quotation marks omitted). Further, whether Louisiana law or Venzuelan law governs plaintiffs' breach of contract claim does not demonstrate a manifest error of law in the Court's February 6, 2013 decision. Under Louisiana law, any claims for commissions that accrued prior to November 30, 2007 are prescribed. The Court did not state that all of Servicios' claims were dismissed; therefore, if Servicios now reverses its argument on the applicability of Venezuelan law, which would implicate Article 3549, it should do so in the form of a thoroughly-briefed and professional motion, being also ever-mindful of 28 U.S.C. § 1927.[4]

Accordingly, the plaintiffs' motion for a partial new trial is DENIED.

New Orleans, Louisiana, March 27, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[4] The Court notes that the parties were requested to provide such briefing on July 15, 2011 before the case was dismissed. Servicios' submission, however, does not address the factors required for a choice of law analysis and appears to assume that Louisiana law applies.