UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SERVICIOS AZUCAREROS
DE VENEZUELA, C.A. ET AL.                     CIVIL ACTION

VERSUS                                        NO. 10-4443

JOHN DEERE THIBODAUX, INC.                    SECTION "F"

<u>ORDER AND REASONS</u>

Before the Court is John Deere's motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  For the reasons that follow, the motion is GRANTED.

<u>Background</u>

This dispute arises out of an alleged breach of an oral contract.

Servicios Azucareros de Venezuela, C.A., a Venezuela corporation, and its president, Zvonimir Tolj, Sr., a citizen of Venezuela (collectively, "Servicios"), assert that Servicios had an oral contract with Cameco Industries, Inc., making Servicios the exclusive distributor of John Deere products in Venezuela. In 1996, Cameco changed its name to John Deere Thibodaux, Inc.

Although the contract was oral, Servicios contends that it was substantiated with various written instruments over the years.  Specifically, Servicios asserts that John Deere confirmed in writing to customers in Venezuela that its products were sold exclusively though Servicios, and that it informed other companies to cease representing themselves as John Deere dealers

1

based on Servicios's exclusive distributorship.  Servicios submits that through its efforts over the years, it successfully developed the Venezuelan market for John Deere products.

Under the contract, Servicios alleges that it was entitled to receive, and did for many years, a 20% commission on all John Deere harvesters and tractors, and a 25% commission on spare parts, sold in Venezuela.  In 2006, Servicios contends that John Deere, using "economic duress", wrongfully reduced Servicios's commission from 20% to 10%; however, Servicios continued to sell and distribute John Deere products under the reduced commission rate.  Then in 2008, Servicios asserts, John Deere wrongfully terminated its contract.

Servicios sued John Deere in this Court on December 1, 2010, invoking the Court's diversity jurisdiction, and asserting claims under Louisiana and, alternatively Venezuela, law.  Under Louisiana law, Servicios seeks recovery of damages for breach of contract under Louisiana Civil Code articles 1983, 1966-67, 2013-14, and 2024, and, for commissions wrongfully withheld under Louisiana Revised Statutes sections 51:481-90; alternatively, Servicios claims unjust enrichment under article 2298.  Under Venezuelan law, Servicios asserts contract remedies pursuant to Venezuela Civil Code articles 1159, 1212, and 1264, unjust enrichment under article 1184, and moral damages under article 1196.  In sum, Servicios seeks over $1.5 million in damages.

On March 14, 2011, John Deere filed a motion to dismiss
pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging
that Servicios did not have standing to sue, and, even assuming
that the standing requirement was met, Servicios's claims under
Louisiana Revised Statute 51:481, the Louisiana Dealer Agreement
Act, fail because the statute applies solely to Louisiana
dealers.  The Court ordered supplemental briefing on (1) whether
the plaintiffs have prudential standing, and (2) whether
Louisiana or Venezuela law governs plaintiffs' claims.  On July
29, 2011, the Court granted John Deere's motion to dismiss,
finding that plaintiffs did not have standing.  Servicios moved
to reopen the case, which the Court denied on September 1, 2011.
Servicios appealed this Court's decision to the U.S. Court of
Appeals for the Fifth Circuit.  On December 13, 2012, the Fifth
Circuit, finding that Servicios had standing, vacated this
Court's decision dismissing the complaint and remanded the case
for further proceedings.

John Deere filed another motion to dismiss under Rule
12(b)(6) on January 18, 2013, which this Court granted in part
and denied in part on February 6, 2013.  The Court also granted
Servicios leave to provide a more definite statement under Rule
12(e) as to its claim for an accounting, and, in response,
Servicios filed an amended complaint on February 19, 2013.

Servicios moved the Court to reconsider its February 6, 2013

Order and Reasons, which this Court denied on March 27, 2013.
John Deere now moves to dismiss under Rule 12(b)(6) plaintiffs'
claim in its amended complaint, which requests damages on the
basis that defendant attempted to block access to the U.S.
Courts.

## I.   Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows
a party to move for dismissal of a complaint for failure to state
a claim upon which relief can be granted.  Such a motion is
rarely granted because it is viewed with disfavor.  See Lowrey v.
Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting
Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,
677 F.2d 1045, 1050 (5th Cir. 1982)).  In considering a Rule
12(b)(6) motion, the Court "accepts 'all well-pleaded facts as
true, viewing them in the light most favorable to the
plaintiff.'"  See Martin K. Eby Constr. Co. v. Dall. Area Rapid
Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v.
Greninger, 188 F.3d 322, 324 (5th Cir. 1999)).  But, in deciding
whether dismissal is warranted, the Court will not accept
conclusory allegations in the complaint as true.  Kaiser, 677
F.2d at 1050.  Indeed, the Court must first identify allegations
that are conclusory and, thus, not entitled to the assumption of
truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  A
corollary: legal conclusions "must be supported by factual

4

allegations." <u>Id.</u> at 678.  Assuming the veracity of the well-
pleaded factual allegations, the Court must then determine
"whether they plausibly give rise to an entitlement to relief."
<u>Id.</u> at 679.

    "'To survive a motion to dismiss, a complaint must contain
sufficient factual matter, accepted as true, to state a claim to
relief that is plausible on its face.'" <u>Gonzalez v. Kay</u>, 577 F.3d
600, 603 (5th Cir. 2009) (quoting <u>Iqbal</u>, 556 U.S. at 678)
(internal quotation marks omitted).  "Factual allegations must be
enough to raise a right to relief above the speculative level, on
the assumption that all the allegations in the complaint are true
(even if doubtful in fact)." <u>Bell Atl. Corp. v. Twombly</u>, 550
U.S. 544, 555 (2007) (citations and footnote omitted). "A claim
has facial plausibility when the plaintiff pleads factual content
that allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S.
at 678 ("The plausibility standard is not akin to a 'probability
requirement,' but it asks for more than a sheer possibility that
a defendant has acted unlawfully.").  This is a "context-specific
task that requires the reviewing court to draw on its judicial
experience and common sense." <u>Id.</u> at 679.  "Where a complaint
pleads facts that are merely consistent with a defendant's
liability, it stops short of the line between possibility and
plausibility of entitlement to relief."  <u>Id.</u> at 678 (internal

quotations omitted) (citing <u>Twombly</u>, 550 U.S. at 557).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Twombly</u>, 550 U.S. at 555 (alteration in original) (citation omitted).

In deciding a motion to dismiss, the Court may consider documents that are essentially "part of the pleadings."  That is, any documents attached to or incorporated in the plaintiff's complaint that are central to the plaintiff's claim for relief. <u>Causey v. Sewell Cadillac-Chevrolet, Inc.</u>, 394 F.3d 285, 288 (5th Cir. 2004) (citing <u>Collins v. Morgan Stanley Dean Witter</u>, 224 F.3d 496, 498-99 (5th Cir. 2000)).  Also, the Court is permitted to consider matters of public record and other matters subject to judicial notice without converting a motion to dismiss into one for summary judgment.  <u>See</u> <u>United States ex rel. Willard v. Humana Health Plan of Tex. Inc.</u>,  336 F.3d 375, 379 (5th Cir. 2003).

## II.  <u>Discussion</u>

The Court agrees that Servicios fails to state a claim for damages on the basis that John Deere "attempt[ed] to block access to the United States Courts."

In its February 6, 2013 Order and Reasons, this Court granted Servicios leave to provide a more definite statement

under Rule 12(e) as to its claim for an accounting.  Servicios
filed an amended complaint and included, among other things, the
following claim:

> Plaintiffs are entitled to damages under Article 34,
> paragraph 2 of the U.S. Venezuela Friendship Treaty
> (annexed hereto) because Defendant infringed the Treaty
> by attempting to block access to the United States Courts
> for years on the basis of a specious standing issue which
> did not apply to the facts of this case per the decisions
> of the United States Courts of Appeals for the D.C. and
> 5th Circuit.[1]

In making this claim, Servicios relies on Article 34, paragraph 2
of the Treaty of Peace, Friendship, Navigation and Commerce,
Between the United States of America and the Republic of
Venezuela, which states:

> ***If any one or more of the citizens of either party shall
> infringe any of the articles of this treaty,*** such citizen
> shall be held personally responsible for the same, and
> harmony and good correspondence between the two nations
> shall not be interrupted thereby, each party engaging in
> no way to protect the offender, ***or sanction such
> violation.***

Treaty of Peace, Friendship, Navigation and Commerce, U.S.-
Venez., Jan. 20, 1836, art. 34, para. 2, 8 Stat. 466 (emphasis
added), <u>available at</u> 1836 WL 3643.  Specifically, Servicios is
alleging that John Deere "infringed" Article 13 of the Treaty,
which provides:

> ***Both the contracting parties promise and engage,***

---

[1] The Court notes that this is unrelated to Servicios' claim for
an accounting, which is the reason the Court granted leave to
amend in the first place.  In addition, Servicios failed to
"annex" any document to the amended complaint.

> ***formally, to give their special protection to the persons
> and property of the citizens of each other***, of all
> occupations, who may be in the territories subject to the
> jurisdiction of the one or the other, transient or
> dwelling therein, ***leaving open and free to them the
> tribunals of justice, for their judicial recourse, on the
> same terms which are usual and customary with the natives
> or citizens of the country in which they may be . . . .***

Id. art. 13 (emphasis added).  Therefore, Servicios contends that
because John Deere challenged Servicios' standing, and was
ultimately unsuccessful on the argument, John Deere was blocking
access to the Courts and Servicios is owed damages.

In response, John Deere first asserts that the Treaty is no
longer in effect and, therefore, Servicios' claim fails as a
matter of law.[2]  The Court notes that the Treaty at issue was

---

[2]     Servicios submits that arguing that the Treaty has been
revoked is not a 12(b)(6) issue:  "The complicated framework of
current treaties raises obvious factual issues to be resolved by
a Rule 56 motion."  Servicios explains at length how there are
numerous other treaties in place between the United States and
Venezuela and, therefore, a "12b6 motion is not the vehicle to
explore those issues without any substantial discovery."  This
argument is wholly without merit.
        First, Servicios pleads that it is owed damages under the
Treaty of Peace, Friendship, Navigation and Commerce, Between the
United States of America and the Republic of Venezuela.  Whether
or not the United States has other treaties in place with
Venezuela does not affect whether Servicios can state a claim
upon which relief can be granted under the treaty *expressly*
alleged in the complaint.  The only claim at issue for purposes
of this motion is whether Servicios has stated a claim that John
Deere "infringed" the Treaty of Peace, Friendship, Navigation and
Commerce.  The "modern web" of treaties does not make a 12(b)(6)
improper here.
        Second, in considering whether a party has stated a claim
upon which relief can be granted, the Court obviously must
consider whether the law on which plaintiff relies is in effect.
If not, on its face, relief cannot be granted.  Servicios appears
to be confused by the outcome of this motion:  if this one claim

terminated on January 3, 1851, but only as to portions relating
to commerce and navigation.  12 U.S. DEP'T OF STATE, TREATIES AND
OTHER INTERNATIONAL AGREEMENTS OF THE UNITED STATES OF AMERICA 1776-1949 at
1038 (1974).  Although certain Articles of the Treaty are easily
classifiable as "commerce and navigation," it is unclear whether
Articles 13 and 34 fall under this category--a point John Deere
somewhat acknowledges in its submission papers to the Court.  In
fact, numerous courts have analyzed Article 13 in recent years,[3]
and Article 34 covers logistical issues, none of which are
specific to commerce and navigation.  They implicate duration and
termination of the treaty; infringement of the treaty; acts a
party cannot take; and coverage of the treaty.  As a result, the
Court is not persuaded that the two Articles on which Servicios

_____

(paragraph 26 of the amended complaint) is dismissed, Servicios
is not precluded from conducting discovery relevant to its other
claims.
     Third, this case has not been "singled out for special
treatment" or deemed "frivolous" by the Court.  The text of 28
U.S.C. § 1927 provides:  "Any attorney or other person admitted
to conduct cases in any court in the United States or any
Territory thereof who so multiples the proceedings in any case
unreasonably and vexatiously may be required by the court to
satisfy personally the excess costs, expenses, and attorneys'
fees reasonably incurred because of such conduct."  28 U.S.C §
1927.  Noticeably missing from the statutory text is the word
frivolous.  The Court's reference to this statute in previous
Order and Reasons was to remind counsel, for both sides, to be
cautious of conducting this case in a vexatious manner.

[3] See, e.g., In re Air Crash Near Peixoto De Azeveda, Brazil on
Sept. 29, 2006, 574 F. Supp. 2d 272 (S.D.N.Y. 2008); Morales v.
Ford Motor Co., 313 F. Supp. 2d 672 (S.D. Tex. 2004);  Rivas ex
rel. Estate of Gutierrez v. Ford Motor Co., No. 02-676, 2004 WL
1247018 (M.D. Fla. Apr. 19, 2004).

rely are no longer in effect as John Deere contends.

John Deere also submits that assuming the Treaty is in effect, it is inapplicable as to Servicios because it requires Venezuelan citizens to be physically present in the United States, either "transiently" or "dwelling" here.  To reiterate, Article 13 states:

> Both the contracting parties promise . . . **to give their special protection to the persons** and property of the citizens of each other . . . **who may be in the territories subject to the jurisdiction of the one or the other, transient or dwelling therein,** leaving open and free to them the tribunals of justice, for their judicial recourse . . . .

Treaty of Peace, Friendship, Navigation and Commerce, U.S.-Venez., Jan. 20, 1836, art. 13, 8 Stat. 466 (emphasis added), <u>available at</u> 1836 WL 3643.  John Deere asserts that the Treaty, by its express terms, requires that the signatories' courts be open to citizens who happen to be physically within the territory of the other, which can occur either transiently or because the citizen is dwelling in the territory.  The Court notes that the Fifth Circuit has not directly addressed whether a citizen of a signatory nation must be physically present in the nation to avail itself of the Treaty, and the case literature on the matter is divided.[4]  Ultimately, the Court need not decide this issue,

---

[4] In the context of forum non conveniens, the Fifth Circuit has addressed a similar provision in a treaty between the United States and Honduras.  <u>See</u> <u>James v. Gulf Int'l Marine Corp.</u>, 777 F.2d 193, 194 & n.2 (5th Cir. 1985), <u>overruled on other grounds by</u> <u>In re Air Crash Disaster Near New Orleans, La. on July 9,</u>

as Servicios' claim fails regardless; even construing the facts in a light most favorable to the plaintiff, Servicios fails to state a claim that is plausible on its face.

    In its amended complaint, Servicios states:

> Plaintiffs are entitled to damages . . . because Defendant infringed the Treaty by attempting to block access to the United States Courts for years on the basis of a specious standing issue which did not apply to the facts of this case per the decisions of the United States Courts of Appeals for the D.C. and 5th Circuit.

The Court does not accept conclusory allegations in the complaint as true for purposes of deciding whether dismissal is warranted, and the only factual allegation asserted here is that John Deere's prudential standing challenge was "specious" because of two cases decided *after* John Deere raised the issue.  See <u>Kaiser</u>,

─────────────────────────

<u>1982</u>, 821 F.2d 1147, 1163 (5th Cir. 1987).  In <u>James</u>, the appellant argued for the first time that the Treaty of Friendship, Commerce, and Consular Rights between the United States and Honduras guarantees Honduran nationals access to American forums and, therefore, the district court should have considered her an American citizen for purposes of the choice of law and forum non conveniens balancing.  <u>Id.</u> at 194.  The Fifth Circuit did not decide the issue because it was not raised at the trial level but noted that other circuit courts have partially accepted the appellant's interpretation of the provision.  <u>Id.</u> at 194 n.2; <u>see</u> <u>also</u> <u>Morales</u>, 313 F. Supp. 2d at 686-88 (noting that the Fifth Circuit has not decided whether a plaintiff must be physically present in the United States, and disregarding the argument because the private interest factors of the forum non conveniens test clearly point toward trial in Venezuela).  <u>Cf.</u> <u>Rivas</u>, 2004 WL 1247018, at *8 (M.D. Fla. Apr. 19, 2004) ("The language appears to given Venezuelan citizens who are physically in the U.S. the same rights to justice as U.S. citizens.  It does not appear to address what rights foreign plaintiffs have if they are suing outside of their convenient local forum.").

677 F.2d at 1050.  Under this logic, every argument that was later discredited by a circuit court would be in law specious and block access to the courts.  Servicios pleads no other factual allegations to support its claim.  Further, the complaint contains no indication that John Deere had an intent to harass or an improper motive that might lend credence to the proposition that John Deere was "blocking" access to the Court as opposed to asserting a good faith defense to a lawsuit, a right every litigant has.  John Deere was merely defending its case by arguing the application of existing law based on precedent that had not been overturned at the time.  Drawing on its common sense and judicial experience, the Court finds that Servicios patently fails to plead any factual allegations that raise a right to relief above a speculative level, and the claim must be dismissed with prejudice.  See, e.g., Iqbal, 556 U.S. at 678-79 (concluding that whether a complaint states a claim that asks for more than a "sheer possibility" that the defendant has acted unlawfully is a "context-specific task" and the "requires the reviewing court to draw on its judicial experience and common sense").

Further, because the essence of Servicios' claim is similar to that of a request for Rule 11 sanctions, the Court notes the Fifth Circuit's instruction:

> [C]ourts should not impose sanctions simply because one party ultimately lost on the merits of the litigation; nor should courts [or parties in this matter] use the

12

> wisdom of hindsight in ruling on a motion for sanctions
> . . . . Instead, the task for the district court . . . is
> only to decide whether an attorney has failed to conduct
> a reasonable inquiry into the law and the facts and
> comply with an objective standard of reasonableness under
> the circumstances.

Trinity Gas Corp. v. City Bank & Trust Co. of Natchitoches, 54 F.

App'x 591 (5th Cir. 2002) (internal quotation marks omitted).

Accordingly, the defendant's motion to dismiss is GRANTED.[5]


New Orleans, Louisiana, April 11, 2013


MARTIN L. C. FELDMAN

UNITED STATES DISTRICT JUDGE


---

[5] The Court's previous Order and Reasons dismissing claims in
this case are unaffected by the filing of the amended complaint.
Claims in the amended complaint that were previously dismissed
remain dismissed.  In addition, the Court notes that contrary to
Servicios' assertion, John Deere did not challenge the timeliness
of Servicios' amended complaint in this motion.

13